UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENNIS ANDERSON, | ) |
| Plaintiff | ) |
| v. | ) Case No.: |
| TORRES CREDIT SERVICES, INC., | ) COMPLAINT AND DEMAND FOR JURY TRIAL |
| Defendant | ) |
| | ) (Unlawful Debt Collection Practices) |

## COMPLAINT

DENNIS ANDERSON ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against TORRES CREDIT SERVICES, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the Commonwealth of Pennsylvania and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), as a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

5. Plaintiff is a natural person residing in Philadelphia, Pennsylvania 19131.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a national debt collection company with an address of 27 Fairview Street, Suite 301, Carlisle, Pennsylvania 17013.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its collectors.

## FACTUAL ALLEGATIONS

10. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

11. The alleged debt, a PECO home utility bill, arose out of transactions, which were primarily for personal, family, or household purposes.

12. Beginning in or around August 2013, and continuing through January 2014, Defendant's collectors repeatedly and continuously contacted Plaintiff on his cellular telephone in its attempts to collect a consumer debt.

13. Defendant contacted Plaintiff, on average, one (1) to two (2) times a day, causing him to receive as many as ten (10) collection calls a week.

14. It was inconvenient for Plaintiff to receive collection calls to his cellular telephone, as it was a government-issued cellular telephone, and he only received a limited number of minutes each month.

15. Therefore, when Defendant would call him every day in its attempts to collect a debt, Defendant caused Plaintiff's limited minutes to be used.

16. Desiring to stop the calls, on more than one occasion, Defendant told Plaintiff to stop calling him.

17. However, Plaintiff's instructions were not incorporated in his account file as Defendant persisted in calling, knowing that Plaintiff did not want to be called and its calls were to a government-issued cell phone with limited minutes.

18. Additionally, when calling Plaintiff, Defendant would call him at times that were inconvenient for him to receive collection calls.

19. For example, in November 2013, Defendant called Plaintiff on his cellular telephone after 9:00 p.m., which a per se inconvenient time for a person to receive collection calls.

20. Also, in December 2013, Defendant called Plaintiff while he was at school.

21. Plaintiff answered Defendant's call, told the collector that it was calling him while he was at school, not to call him while he was at school, and then hung up the phone.

22. Defendant, however, immediately called back Plaintiff, having the intent to annoy, abuse and harass him.

23. Further, Defendant did not update its records to stop calls to Plaintiff while he was at school.

24. Knowing that its calls to Plaintiff were unwanted, Defendant used a ruse to try to trick Plaintiff in speaking with its collectors about the alleged debt.

25. Specifically, in January 2014, Defendant called Plaintiff and led Plaintiff to believe that they were confirming information for a job offer, and only after he had provided personal information, did Defendant reveal its true identity.

26. Most recently, Defendant called Plaintiff on January 14, 2014, at 2:29 p.m.;

January 15, 2014, at 5:51 p.m.; and January 16, 2014, at 10:06 a.m.

27. Defendant's actions as described herein were made with the intent to harass, upset, deceive, and coerce payment from Plaintiff.

# DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

28. In its actions to collect a disputed debt, Defendant violated the FDCPA in the following ways:

## COUNT I

a. A debt collector violates § 1692c(a)(1) of the FDCPA by communicating with a consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8:00 a.m. and before 9:00 p.m., local time at the consumer's location.

b. Here, Defendant violated § 1692c(a)(1) of the FDCPA when it called Plaintiff after 9:00 p.m. as well as calling Plaintiff at other times that were inconvenient, including while he was at school.

## COUNT II

a. A debt collector violates § 1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

b. A debt collector violates § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or

continuously with intent to annoy, abuse, or harass any person at the called number.

c. A debt collector violates § 1692d(6) of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity.

d. Here, Defendant violated §§ 1692d, 1692d(5), and 1692d(6) of the FDCPA when it repeatedly called Plaintiff on his cellular telephone, on average, one (1) to two (2) times a day; called him back immediately after he hung up the phone; and continued to call him about the debt despite knowing he did not want to be contacted, with the intent to annoy, abuse and harass him; as well as when it called him and led him to believe that it was calling to confirm information for a job offer and not immediately revealing its true identity as a debt collector.

## COUNT III

a. A debt collector violates § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

b. Here, Defendant violated § 1692f of the FDCPA by failing to update its records to stop calling Plaintiff after it knew its calls were unwanted and calling his government issued cell phone and using his limited minutes.

WHEREFORE, Plaintiff, DENNIS ANDERSON, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d.    Any other relief deemed appropriate by this Honorable Court.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, DENNIS ANDERSON, demands a jury trial in this case.

DATED: July 25, 2014

RESPECTFULLY SUBMITTED,

_____
Craig Thor Kimmel
Attorney ID # 57100
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: 877-788-2864
Email: kimmel@creditlaw.com

PLAINTIFF'S COMPLAINT